IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § | |
| v. | § | CASE NO.:_____ |
| DALE CHRISTIAN, DOUGLAS LARKIN, and MISTY LARKIN, | § § | |
| Defendants. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), and herby files the following complaint for declaratory judgment pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.:

### Parties, Jurisdiction, and Venue

1.  Plaintiff State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois.

2.  Defendant Dale Christian (Christian) is a resident citizen of Tuscaloosa County, Alabama and the defendant in the underlying lawsuit.

3.  Defendant Douglas Larkin (Mr. Larkin) is a resident citizen of Fayette County, Alabama and a plaintiff in the underlying lawsuit.

4. Defendant Misty Larkin (Mrs. Larkin) is a resident citizen of Fayette County, Alabama and a plaintiff in the underlying action. She is the wife of Mr. Larkin. Collectively they are referred to as the Larkins.

5. Jurisdiction is proper under 28 U.S.C. §§ 2201 and 1332. Plaintiff and all defendants are residents of different states, and the amount in controversy exceeds $75,000.

6. Venue is proper in the United States District Court for the Northern District of Alabama, Western Division because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## The Underlying Facts/Lawsuit

7. On or about June 22, 2010, Mr. Larkin and his wife were following each other in separate vehicles on their way to work. At the same time, Christian and his wife were both riding in Christian's Lincoln Navigator (the Navigator).

8. At the intersection of Alabama Highway 171 and U.S. Highway 43 in Northport, Alabama, Christian honked his horn at the Larkins. Mr. Larkin alleges he had previously seen Christian weaving in and out of traffic and driving along the center lane of the roadway.

9. At the intersection traffic light, Mr. Larkin alleges he motioned to Christian to slow down while their vehicles were resting in adjacent turn lanes. Mr. Larkin then followed Christian through the turn.

10. Mr. Larkin followed Christian to his destination, Northport Electrical Supply in Northport, Alabama. Christian parked his vehicle in the parking lot of the supply company as did Mr. Larkin. Mr. Larkin exited his vehicle and began walking toward Christian.

11. Mr. Larkin stated that he did not want to fight Mr. Christian. Still sitting in the Navigator, Christian then shot Mr. Larkin once in the stomach with a .22 caliber handgun. The investigating police officers later discovered a loaded .22 caliber handgun, the shooting weapon, inside the Navigator.

12. Christian was arrested and charged with attempted murder for the shooting of Mr. Larkin. The State's case against Christian is pending in Tuscaloosa County, DC-2010-021386.

13. On September 28, 2010, the Larkins filed a civil suit against Christian in the Circuit Court of Tuscaloosa County, CV-2010-900778 (the Civil Suit). A copy of the operative complaint in the Civil Suit is attached as **Exhibit A.**

14. In the Civil Suit, Mr. Larkin alleges claims of assault and battery, negligence, and wantonness on behalf of Christian as a result of the shooting. (Ex. A.). Mrs. Larkin alleges a loss of consortium claim as a result of her husband's injuries. Together they claim past, present, and future damages for (1) physical pain, (2) mental anguish, (3) medical expenses, (4) lost wages, and (5) permanent, physical and/or

vocational impairment. In addition, the Larkins claim Christian is liable for punitive damages. (Ex. A).

### The State Farm Policy

15. On January 31, 2008 State Farm issued a policy of automobile insurance bearing policy number 133 9714-A31-01 to Christian and his wife (Shelia) and insuring the Navigator. This policy was in effect on June 22, 2010, the day of the shooting. A certified copy of the Policy, the declarations page, and all amendments and/or endorsements thereto is attached as **Exhibit B**.

16. The Policy contains a liability provision providing $100,000 in coverage per person and $300,000 in coverage per accident, with said coverage subject to the terms of the Policy.

17. The Liability Coverage section of State Farm Policy Form 9801A, is found on page 5. It provides, in pertinent part, as follows:

"**Insuring Agreement**

1. **We** will pay:
   a.  damages an **insured** becomes legally liable to pay because of:
       (1) **bodily injury** to others; and
       (2) damage to property
       caused by an accident that involves a vehicle for which that **insured** is provided Liability Coverage by this policy;
…"

18. Mr. Larkin's injury was not caused by an "accident that involves a vehicle" as is required in order for there to be coverage under State Farm's policy.

4

19. Furthermore, there is an exclusion on page 6 of the policy which provides as follows:

"THERE IS NO COVERAGE FOR AN **INSURED**:

1. WHO INTENTIONALLY CAUSES **BODILY INJURY** OR DAMAGE TO PROPERTY; …"

20. Upon the Larkins filing a suit against Christian, State Farm began providing Christian with a defense of the Civil Suit which remains pending in the Circuit Court of Tuscaloosa County, Alabama.

21. The terms of the the Policy bar coverage for Christian for the incidents giving rise to the Civil Suit. Likewise, the terms of the Policy also relieve State Farm of its duty to defend Christian in the Civil Suit.

22. Under similar circumstances, the Alabama Supreme Court has found that an auto-insurer did not have to indemnify its insured. In *Allstate Insurance Co. v. Skelton*, 675 So. 2d 377 (Ala. 1996) the Alabama Supreme Court found no coverage under an automobile insurance policy when an assault and battery occurred after a "road rage"-type incident. Likewise, in *United States Fid. & Guar. Co. v. Lehman*, 579 So. 585(Ala. 1990), the Court found no coverage when a passenger in a moving vehicle was stabbed by the driver, reasoning that the vehicle was merely the situs or location of the attack. *See also American Liberty Ins. Co. v. Soules*, 258 So. 2d 872 (Ala. 1972).

## COUNT I-DECLARATORY JUDGMENT (Coverage)

23. State Farm adopts and realleges all prior paragraphs of the Complaint.

24. There is no coverage under the Policy for the actions of Christian which gave rise to the Civil Suit (i.e. Christian shooting Mr. Larkin).

WHEREFORE, State Farm asks this Court, after taking jurisdiction over this matter, to enter a judgment declaring that there is no coverage under the Policy for Christian's actions giving rise to the Civil Suit because of the terms of the Policy and to grant State Farm such further relief to which it may be entitled.

## COUNT II-DECLARATORY JUDGMENT (Duty to Defend)

25. State Farm adopts and realleges all prior paragraphs of the Complaint.

26. The terms of the Policy absolve State Farm from its duty to defend Christian in the Civil Suit

WHEREFORE, State Farm asks this Court, after taking jurisdiction over this matter, to enter a judgment declaring that it owes no duty under the Policy to defend Christian in the Civil Suit because of the terms of the Policy and to grant State Farm such further relief to which it may be entitled.

Respectfully submitted,

s/ Ronald G. Davenport
Ronald G. Davenport
(ASB-1826-D65R)
J. Evans Bailey
(ASB-9995-J61B)
Attorneys for Plaintiff
State Farm Mutual Auto. Ins. Co.

OF COUNSEL:

Rushton, Stakely, Johnston & Garret, P.A.
184 Commerce Street (36104)
P.O. Box 270
Montgomery, AL 36101-0270
Telephone: (334) 206-3100
Facsimile: (334) 481-0804
rgd@rsjg.com (Davenport e-mail)
ebailey@rsjg.com  (Bailey e-mail)

**SERVE DEFENDANTS BY CERTIFIED MAIL:**

Dale Christian
13095 Highway 171
Northport, Alabama 35473

Douglas Larkin
1946 Temple Avenue South
Fayette, Alabama 35555

Misty Larkin
1946 Temple Avenue South
Fayette, Alabama 35555