FILED
2013 Sep-23  PM 03:12
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 11-cv-03781-LSC |
| DALE CHRISTIAN, DOUGLAS LARKIN, and MISTY LARKIN | ) ) ) ) | |
| Defendants. | ) | |
| THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 11-cv-04125-LSC |
| WILLIAM DALE CHRISTIAN, et al. | ) ) | |

## MEMORANDUM OF OPINION

### I. Introduction

This case is a consolidation of two declaratory judgment actions brought by

Plaintiffs The Automobile Insurance Co. of Hartford, Connecticut ("AICH") and

State Farm Mutual Automobile Insurance Co. ("State Farm") against Defendant Dale

Christian. Before the Court is Plaintiff AICH's Motion for Summary Judgment on its claim that it has no duty to defend or indemnify Defendant Christian ("Christian") in an underlying suit brought by Defendants Douglas and Misty Larkin.[1] (Doc. 45.) Because the Court finds that there was no "occurrence" or "accident" that would trigger coverage under the insurance policy, the motion for summary judgment is due to be granted.

II. Facts[2]

On June 22, 2010, Dale Christian and his wife Sheila drove from their business to Northport Electric Supply ("NES"). As was his custom, Christian had a firearm in his vehicle for protection; on that date it was a forty caliber Glock pistol. He had fired roughly thirty rounds with the pistol since purchasing it, and it had been approximately six months since he had fired the weapon.

During the trip to NES, Douglas Larkin ("Larkin") observed Christian driving in a manner he found unacceptable. Larkin pulled alongside Christian, who noticed that Larkin was pointing at him. Christian continued to NES and Larkin followed him.

---

[1] Plaintiff State Farm has also filed a motion for summary judgment which will be addressed in a separate memorandum of opinion.

[2] The facts set out in this opinion are gleaned from the parties' individual submissions of facts claimed to be undisputed, as well as the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F. 3d 1220, 1224 (11th Cir. 2002).

After Christian stopped in the NES parking lot, he saw Larkin park behind him and exit his vehicle. Christian opened his door but did not get out. Christian perceived that Larkin was angry and told his wife that Larkin was scaring him. As Larkin approached the vehicle, Christian thought he heard him say the word "kill" while lowering his right hand. (Doc. 56-1 at 10.) Sheila Christian later testified that Larkin actually said "you could have killed my wife and baby." (Doc. 47-5 at 2.)

Christian had his pistol between his seat and the center console. It was his practice to keep the safety on when the gun was in his vehicle. When Larkin was approximately three or four feet away from the car door, Christian shot him in the stomach. Christian does not recall reaching for the gun, disengaging the safety, pointing the gun at Larkin, or pulling the trigger. He maintains that he does not remember anything between telling his wife that Larkin was scaring him and hearing the gunshot, after which he was surprised to find that Larkin had been shot.

Christian was arrested and eventually pled guilty to Third Degree Assault - Reckless, a crime that requires a *mens rea* of recklessness. *See* Ala. Code § 13A-6-22(2). After the incident, Sheila Christian told law enforcement that her husband acted in self-defense because he believed Larkin had a gun. (Doc. 47-6 at 3.) On September 28, 2010, the Larkins filed suit against Christian in the Circuit Court of Tuscaloosa County, alleging assault and battery, negligence, and wantonness. Christian made

demand on AICH for defense and indemnity under the provisions of his homeowner's policy. AICH is currently defending Christian in the underlying litigation, but it is doing so pursuant to a full reservation of its rights.

The present action was brought under 28 U.S.C. § 2201, the Declaratory Judgment Act, with AICH requesting that the Court determine and declare its rights and duties under its homeowner's insurance policy with Christian. In the policy, AICH agreed to defend and indemnify Christian in the following provision:

### SECTION II – LIABILITY COVERAGES
### COVERAGE E PERSONAL LIABILITY

If a claim is made or a suit is brought against any insured for damages because of bodily injury, personal injury or property damage caused by an occurrence to which this coverage applies, we will:

> a. pay up to our limit of liability for the damages for which the Insured is legally liable. Damages include prejudgment interest awarded against the Insured; and

> b. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent. We may make any investigation and settle any claim or suit that we decide is appropriate. Our duty to settle or defend any claim or suit ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.

(Doc. 46 at 12.) The AICH policy defines an "occurrence" as follows:

> "occurrence" means an accident, including continuous or repeated exposure to substantially the same generally harmful conditions which results, during the policy period, in:
> a. bodily injury; or
> b. property damage.

(*Id.*) In its motion for summary judgment, AICH contends that Christian's shooting of Larkin cannot be an "occurrence" because it was not an accident.[3]

## III. Summary Judgment Standard

Summary judgment is proper "if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable

---

[3] In addition to moving for summary judgment, AICH has moved to strike portions of Christian's evidentiary submissions in response to the summary judgment motion. The motion to strike is mooted by the Court's ruling today, but the Court does consider the substance of AICH's motion, keeping in mind that only admissible evidence or evidence that can be reduced to admissible form can be considered in deciding a motion for summary judgment. *Jones v. UPS Ground Freight,* 683 F.3d 1283, 1293-94 (11 th Cir. 2012).

to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the movant has met its burden, Rule 56(e) " requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e). " Where the non-movant presents direct evidence that, if believed by the jury, would be sufficient to win at trial, summary judgment is not appropriate even where the movant presents conflicting evidence. It is not the court's role to weigh conflicting evidence or to make credibility determinations. . . ." *Mize*, 93 F.3d at 742. But when the non-movant's evidence cannot stand on its own, summary judgment is appropriate: " A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV. Discussion

AICH should be granted summary judgment if, as a matter of law, it owes no duty to defend or indemnify Christian in the underlying litigation. Under Alabama law, " [i]t is well settled 'that an insurer's duty to defend is more extensive than its duty to

[indemnify].' " *Tanner v. State Farm Fire & Cas. Co.*, 874 So. 2d 1058, 1063-64 (Ala. 2003) (quoting *U.S. Fid. & Guar. Co. v. Armstrong* 479 So. 2d 1164, 1168 (Ala. 1985)). " Where a court determines that an insurer owes no duty to defend its insured in a particular matter, that determination is necessarily dispositive of the narrower duty to indemnify, as well." *Evanston Ins. Co. v. Lett*, 2012 WL 4927958 at *4 (S.D. Ala., Oct. 15, 2013) (citing *Trailer Bridge, Inc. v. Illinois Nat'l Ins. Co.*, 657 F.3d 1135, 1146 (11th Cir. 2011)); *see also Porterfield v. Audubon Indem. Co*, 856 So. 2d 789, 807 (Ala. 2002) (reaching the issue of the duty to indemnify only on claim where court found duty to defend). Thus the Court begins with the question of whether AICH owes a duty to defend. *See Tanner*, 874 So. 2d at 1063.

The insurance policy in question obligates AICH to defend a suit for personal injury or property damage that occurs because of a covered occurrence. The Larkins' underlying complaint in this action asserts claims for personal injury, so the question is whether the underlying event constitutes an " occurrence." Under Alabama law, a complaint invokes a duty to defend when the facts alleged show an accident or occurrence within the policy's coverage. *See Hartford Cas. Ins. Co. v. Merchs. & Farmers Bank,* 928 So. 2d 1006, 1012 (Ala. 2005). Here, AICH's duty to defend depends on the facts surrounding the shooting of Larkin by Christian. *See Am. Safety Indem. Co. v. T.H. Taylor, Inc.*, 513 F. App'x. 807, 811-12 (11th Cir. 2013) (affirming

summary judgment where the district court looked at the facts surrounding the underlying incident rather than just the allegations in the complaint). The insured has the burden of establishing that there has been an occurrence as defined by the insurance policy.[4] *See Shane Traylor Cabinetmaker, LLC v. Am. Res. Ins. Co.*, ---- So. 3d —, 2013 WL 1858782 at *6 (Ala. May 3, 2013).

Because the policy itself does not define the term "accident," the definition must be supplied by Alabama case law. *See Perkins v. Hartford Ins. Group*, 932 F.2d 1392, 1395 (11th Cir. 1991) (applying Alabama law to question regarding duty to defend). In interpreting insurance coverage issues, an "accident" has been defined as "an unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events or that could be reasonably anticipated." *Hartford Cas. Ins. Co.*, 928 So. 2d at 1011 (quoting Black's Law Dictionary 15 (7th ed. 1999)); *see also St. Paul Fire & Marine Insurance Co. v. Christiansen Marine, Inc.*, 893 So. 2d 1124, 1136 (Ala. 2004).

The Defendants offer the following evidence to demonstrate that the shooting was accidental: 1) Christian's testimony that he does not recall reaching for

---

[4] The burden for establishing that an exclusion applies to a particular occurrence would fall on the insurance company. *See Fleming v. Ala. Farm Bureau Mut. Cas. Ins. Co.*, 310 So. 2d 200, 202 (Ala. 1975). Because the Court holds today that the insured has not established the existence of an occurrence, it need not decide whether an exclusion applies.

the gun or placing a bullet in the chamber; 2) Christian's testimony that the shooting was an accident and that he did not intend to kill or harm Larkin; 3) Christian's testimony that he was inexperienced with the gun; and 4) Sheila Christian's testimony that she believed the shooting to be accidental.

Christian's testimony concerning what he recalls today or intended on the date in question is not admissible to show that the shooting was an accident. Under Rule 602 of the Federal Rules of Evidence, a witness must have personal knowledge of the subject of his testimony. Fed. R. Evid. 602. According to his testimony, Christian does not recall anything that happened from the time he told his wife he was scared to the time he saw that Larkin had been shot. The fact that he does not recall anything in that period, including picking up the gun, chambering the round, and pulling the trigger, does not provide evidence that the shooting was an accident. Christian's lack of memory is not evidence of either his mental state or the manner in which the shooting occurred. Furthermore, evidence should be excluded if the witness could not have perceived or been aware of the subject of his testimony. *See Pace v. Capobianco*, 283 F. 3d 1275, 1278-79 (11th Cir. 2002) (applying personal knowledge requirement in context of affidavits supporting and opposing summary judgment) ; *Snoznik v. Jeld-Wen, Inc.*, 2010 WL 1924483 at *16 (W.D.N.C. May 12, 2010) (" To have personal knowledge of a matter, a witness must have awareness of the events about which the witness intends

to testify").

Because Christian's evidence of his mental state is inadmissible, the only admissible evidence of that state is Christian's guilty plea. Christian pled guilty to Third Degree Assault - Reckless, which means that he admitted that he recklessly caused the physical injuries suffered by Larkin. (Doc. 51 at 3); Ala. Code § 13A-6-22. Under Alabama law, a conviction or guilty plea is admissible, substantive evidence of the facts underlying the crime. *Durham v. Farabee*, 481 So. 2d 885, 886 (Ala. 1985); *Parris v. Town of Alexander City*, 45 F. Supp. 2d 1295, 1300 (M.D. Ala. 1999). Here the underlying fact evidenced by the guilty plea is Christian's state of mind. Under the Alabama Code, a person acts recklessly "when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur." Ala. Code § 13A-2-2(3).

Therefore, when Christian pled guilty, he admitted that he was aware of the risk of injury to Larkin and consciously disregarded that risk when he shot him. As noted above, an "accident" in Alabama law may be defined as "an unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events or that could be reasonably anticipated." *Hartford Cas. Ins. Co.*, 928 So. 2d at 1011. Because Christian, by his own admission, was aware of the risk to Larkin when he shot him, the resulting injury cannot be unforeseen. In such a situation, the injury

to that person is " in the usual course of events." *Id.*

Christian next attempts to rely on his testimony that he was inexperienced with the gun, stating that he had fired only two clips (approximately thirty rounds) from it and that it had been six months since he fired it. (Doc. 56-1 at 12.) Yet Christian makes no claim that the gun behaved in some particular way he did not expect, nor does he explain how his inexperience with this weapon could have caused it to go off. Furthermore, he does not remember anything about the way the shooting happened. Christian presents no evidence that the gun misfired or otherwise malfunctioned. He presents no evidence that he did not pull the trigger to fire the weapon in its normal manner. Christian is generally experienced with guns, including pistols and automatics, and he is a frequent hunter. (Doc. 56-1 at 9-10.) If the Glock used to shoot Larkin were somehow different from his other weapons in a way that made it more likely to fire accidentally, perhaps this would provide significant evidence. Christian offers no evidence of this, however, and his testimony thus provides no support to his claim that the shooting was an accident.

Sheila Christian's testimony that she believes the shooting was an accident cannot be considered by the Court because it is based on her husband's inadmissible testimony concerning his intent. Mrs. Christian stated in her deposition that " I believe now that my husband shot him accidentally . . . and I believe that because he's told me

that." (Doc. 47-6 at 6.) She apparently initially believed that the shooting was in self-defense and provided law enforcement officers with a statement to that effect. (*Id.* at 3.) The only reason she provides as to why she changed her mind was that her husband told her the shooting was accidental. (*Id.* at 6.) This statement cannot be admissible because Christian had no personal knowledge of the nature of the shooting or his own intent at the time. Since he cannot testify to these matters, the Court certainly will not permit his wife to repeat his statements. Like her husband, Sheila Christian did not testify to any details about how the shooting happened; she did not see him get his gun or aim, but only heard the gunshot. *Id.* Therefore, her testimony contains no admissible evidence supporting the idea that the shooting was accidental.

The only admissible evidence put forth by the insured in response to the motion for summary judgment is that Christian cannot remember the events surrounding the shooting and that he had not fired the particular weapon involved very many times. This is insufficient to enable a reasonable juror to find that this shooting was an accident. The undisputed facts provide overwhelming evidence that the shooting was not an accident. First and foremost, Christian pled guilty to a crime requiring recklessness. Larkin followed Christian into the parking lot of NES at a high rate of speed, parked near him and immediately exited his vehicle. Christian heard the word "kill" as Larkin angrily approached, perhaps with a hand in his pocket. Both Christian

and his wife admitted to being scared and Christian said something to that effect. Whether he remembers it or not, Christian picked up the gun, aimed it at Larkin, and pulled the trigger while Larkin stood three or four feet away. There is no evidence to support a conclusion that the shooting was an accident. No reasonable jury could differ; therefore no genuine issue of material fact exists.

Since the shooting was not an "accident," it cannot be an "occurrence" under the insurance policy. Therefore, it cannot trigger AICH's duty to defend its insured. Since the duty to defend is broader than the duty to indemnify, AICH also has no duty to indemnify Christian. *See Porterfield*, 856 So. 2d at 807.

V. Conclusion

For the foregoing reasons, summary judgment is due to be granted. A separate Order will be entered.

Done this 23rd day of September 2013.

_____

L. SCOTT COOGLER

UNITED STATES DISTRICT JUDGE

174310